GUMP *v.* HOBART CORPORATION ET AL.

(No. 83AP-451—Decided February 16, 1984.)

*Mr. Michael J. Muldoon,* for relator.

*Messrs. Thompson, Hine & Flory* and *Mr. Henry B. Bruner,* for respondent Hobart Corp.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Bradley J. Finn* and *Mr. Robert J. Kent,* for respondent Industrial Commission.

WHITESIDE, P.J. This cause is before the court upon relator Robert Gump's complaint and respondent employer Hobart Corporation's cross-claim in mandamus. By his action, relator Gump seeks to have this court order respondent Industrial Commission to find him to be temporarily and totally disabled and entitled to compensation accordingly; whereas, by its cross-claim, respondent Hobart seeks to have this court order respondent Industrial Commission to vacate and set aside all orders after July 8, 1981 pertaining to relator's claim and to suspend consideration of his claim effective July 1981.

There is no dispute that, in January 1979, Gump sustained an injury to his back in the course of and arising out of his employment with Hobart, nor is there any dispute that the claim was allowed for that condition. In December 1980, relator filed a motion seeking to have respondent Industrial Commission allow the additional condition of "depressive neurosis" with respect to his claim, but Hobart contends that it

did not receive a copy of this motion until July 13, 1981, so that all requests for medical examination prior to that date necessarily relate to the original allowance. Subsequently, relator filed a request for change of physicians, to which Hobart's representative objected and requested a formal hearing. By notice apparently dated May 11, 1981, this motion for change of physicians was set for hearing on May 27, 1981. In the interim, apparently on or about May 4, 1981, Hobart had filed a motion stating:

"The employer requests a 9B4 examination. Claimant has failed to appear for three examinations set up by employer. We request that compensation be stopped and claimant ordered to attend the examination. * * *

"Copy of examinations set up on April 23, 1981, December 6, 1979, and December 20, 1979."

No other information was furnished in this request, nor is there any indication in the file that it was set for hearing on May 27, 1981, or any other date. Nevertheless, the order of the district hearing officer dated May 27, 1981 states that the issue to be considered at the hearing is the motion requesting a "9(B)(4)" examination; the hearing officer granted that motion pursuant to "Rule 4121-3-09" and ordered reset the motion requesting the change of physicians, for which the hearing was noticed. The Industrial Commission file reflects no express notice of appeal or application for reconsideration with respect to this order; however, there are several references in correspondence and memoranda of relator's counsel to such an appeal being taken, one such reference being in a letter dated June 30, 1981.

Ohio Adm. Code 4121-3-09(B)(4) provides for medical examinations upon written request of an employer which request "shall state the date of the last examination of the claimant by a doctor of [the] employer's choice * * *." The rule concludes with the provision that: "Any order authorizing such an examination may be vacated upon a showing that the request would not have been granted had all of the facts been presented to the commission, board or bureau at the time the request was made."

Ohio Adm. Code 4123-3-09(C)(5)(b) also pertains to the matter at hand and provides in pertinent part that:

"If the question sought to be clarified by the requested examination is within the bureau's jurisdiction (for example: temporary total disability in otherwise undisputed claim, allowance of additional condition), the bureau should immediately act upon the request.

"* * *

"(ii) In all other cases, the bureau shall issue a tentative order, as outlined below, approving the requested examination:

"* * *

"* * * An objection to the order, in writing, may be raised by the claimant within fourteen days from the date of the receipt of the order, in which case the order shall be voided and the matter referred, forthwith, to the district hearing officer for further consideration."

Early in July 1981, Hobart filed an application requesting "an emergency hearing be held ordering the claimant to appear for a medical examination" and that "temporary total compensation be discontinued until such time as the claimant appears for this exam." Apparently, in the interim, claimant had failed to appear for an examination on July 8, 1981. In any event, a hearing was scheduled for August 6, 1981, and notice given indicating the hearing would be for "(1) Termination of temporary total compensation"; "(2) Employer requesting medical exam"; "(3) Change of physicians"; and "(4) Allowance of psychiatric condition."

As the result of this hearing, the district hearing officer entered an order

granting Gump's request to change physicians and his motion for allowance of the additional condition of "mild depression," ordered claimant paid temporary total disability compensation until August 6, 1981, but ordered further compensation "terminated until claimant reports for exam by physician of employer's choice." Both parties appealed to the regional board, which affirmed the district hearing officer's order except to change the date of termination of temporary total compensation payments to July 8, 1981. Both parties appealed to the Industrial Commission, resulting in the order, as to which both seek mandamus herein, which order states in part:

"It is the decision of the Commission that the employer's appeal * * * be denied; that the orders of the Dayton Regional Board of Review * * * be modified to the following extent: that all prior employer's requests and motions for medical examination under Rule 4121-03-09(B)(4) be denied, for the reason that they have not met the requirements of said Rule; that in all other particulars the orders of the Dayton Regional Board * * * are affirmed.

"It is the further decision of the Commission that the claimant's appeal, * * * be granted to the following extent: that the claim be referred to the Dayton District Hearing Officer for hearing on the question of extent of disability; that prior to the hearing before the Dayton District Hearing Officer, the employer may file a motion for examination under Rule 4121-03-09(B)(4); that if said motion is filed, it is to be set for hearing prior to the hearing on extent of disability, before the Dayton District Hearing Officer."

Considering first respondent Hobart's cross-claim in mandamus, we find no abuse of discretion although the file is somewhat confusing. The claimant, through his counsel, claims to have appealed the order resulting from the May 27, 1981 hearing, findings of which were mailed on June 16, 1981, but at no level has there been a determination of whether or not such an appeal was taken. Clearly, the record does not reflect a specific paper designated as being the appeal, but there are several references to such an appeal being filed by relator, including a statement during the August 6, 1981 hearing, which matter was not pursued further by any party. More importantly, R.C. 4123.53 provides that:

"Any employee claiming the right to receive compensation may be required by the industrial commission to submit himself for medical examination at any time, * * * and as may be provided by the rules of the commission. * * * If such employee refuses to submit to any such examination or obstructs the same, his right to have his claim for compensation considered, if his claim is pending before the commission, or to receive any payment for compensation theretofore granted, shall be suspended during the period of such refusal or obstruction."

Neither this section, nor R.C. 4121.34, purports to confer upon district hearing officers the power to order claimants to submit to medical examinations. However, the rules, Ohio Adm. Code 4121-3-09(B)(4) and 4123-3-12, seem to confer this power, with Ohio Adm. Code 4121-3-12(B) providing that, in the event an employee fails to "* * * submit to medical examinations ordered by the Commission, Board or Bureau * * * the Bureau, Board or Commission may withhold action on the claim * * * while such situation obtains. * * *"

In light of the confused circumstances, the commission did not abuse its discretion in suspending any further payments to claimant until the issues are determined but also requiring the employer to file a new request for a medical examination, with a determination of the necessity thereof, before suspending further action upon relator's

claim itself. As to the allowance of the additional condition, the employer has an adequate remedy by way of appeal pursuant to R.C. 4123.519.

In short, the employer, Hobart, has shown no clear legal right to the requested writ of mandamus, nor an abuse of discretion on the part of the respondent Industrial Commission. The remedy that the employer seeks will be forthcoming if further medical examination is ordered and the claimant refuses to submit to such an examination. Even if the employer were not entitled to an examination in May 1981 because of other recent examinations, the lapse of time in the interim may justify such an examination. In any event, we cannot anticipate an abuse of discretion on the part of respondent Industrial Commission upon a matter which is pending before it or the district hearing officer.

*State, ex rel. Molden,* v. *Callander Cleaners Co.* (1983), 6 Ohio St. 3d 292, applied R.C. 4123.53 to a claimant's refusal to submit to a psychological examination ordered by the commission upon its own initiative. Even though that section, or the rule, is applicable to a commission-ordered examination at the request of the employer, we find no abuse of discretion in the action taken which affords respondent Hobart an adequate administrative remedy under the circumstances.

Likewise, as to relator Gump's request for mandamus, no abuse of discretion has been demonstrated. He has been afforded a second chance to submit to a medical examination at the employer's request. No temporary total compensation will be paid until there is determined the question of his entitlement to such compensation, since the commission did not vacate that portion of the regional board's order suspending payment of such compensation as of July 8, 1981. We find no clear legal right, nor a clear abuse of discretion demonstrated. Relator Gump, like respondent Hobart, has been afforded an adequate administrative remedy by the order of the commission to obtain that which they seek by this action in mandamus.

For the foregoing reasons, both relator Gump's and respondent Hobart's requests for a writ of mandamus are denied.

*Writ denied.*

STRAUSBAUGH and NORRIS, JJ., concur.