DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, GMRI, Inc., has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order awarding permanent total disability compensation to respondent Rose Safcik ("claimant") and to issue a new order denying said compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that relator failed to demonstrate that the commission had abused its discretion in not ordering claimant to authorize the release of her Social Security Disability Benefits application and supporting documentation and in relying on the report of her treating physician in granting the permanent total disability compensation, and that this court should deny the requested writ.
 {¶ 3} Claimant filed objections to the decision of the magistrate arguing that the magistrate erred in finding that the medical reports of Dr. Fierra were inconclusive and contradictory, and, as such, could not constitute "some evidence" upon which the commission could rely. However, we agree with the magistrate that the physical capacities evaluation report which Dr. Fierra completed reflected restrictions that would have permitted sedentary work and that, therefore, contradicted the conclusion in his report that claimant was permanently and totally disabled. As such, claimant's objections are overruled.
 {¶ 4} Relator also filed objections to the decision of the magistrate arguing that the commission had abused its authority in refusing to compel claimant to authorize release of her Social Security Disability records and that the magistrate erred in finding Dr. Riester's October 31, 2002 report to be "some evidence" to support an award of permanent total disability compensation.
 {¶ 5} In support of its first objection, relator cites Gumpv. Hobart Corp. (1984), 15 Ohio App.3d 52. However, that case addressed the situation where a claimant refuses to submit to a medical examination. The claimant in this case executed the release form provided by the Bureau of Workers' Compensation. As noted by both the commission and the magistrate, there is no legal authority to compel a claimant to execute a release for Social Security records. This objection is, therefore, overruled.
 {¶ 6} Relator's second objection challenges the legal sufficiency of Dr. Riester's report as the basis of the award of permanent total disability compensation. We find this objection to be well-taken. Although respondent commission is correct that even a "skimpy" report will suffice as "some evidence" as long as the report pinpoints claimant's condition as the source of the problems, State ex rel. Frigidaire, Inc. v. Indus. Comm.
(1994), 70 Ohio St.3d 166, Dr. Riester's report of October 31, 2000 considered in isolation is insufficient. The entire body of the report consists of:
This is in response to your letter dated October 13, 2000. It is my opinion that as a direct and proximate result of her injury Mrs. Safcik is permanently and totally removed from any and all types of sustained remunerative employment.
 {¶ 7} The commission's record of proceeding by the staff hearing officer specifies reliance solely on this report and the already rejected report of Dr. Fierra. While Dr. Riester's office notes may support a determination like that inferred by the magistrate, herein, the commission did not identify those office notes as the basis for its decision. Further, given the somewhat confusing nature of those office notes, it is incumbent upon the commission to detail and explain its reliance on them if they were part of the basis of its decision. This objection is well-taken and is sustained.
 {¶ 8} Following independent review pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts. We adopt her conclusions of law concerning the insufficiency of the report by Dr. Fierra as a basis for the commission's decision and the lack of abuse of discretion by the commission in declining to compel claimant to authorize release of her Social Security Disability records. However, we reject her conclusion of law concerning the sufficiency of Dr. Riester's report of October 31, 2000, as the basis for the award of permanent total disability compensation. The decision is modified to comport with the findings of this decision. In accordance with this decision, we issue a writ of mandamus directing respondent-commission to vacate its order which awarded permanent total disability compensation to claimant Rose Safcik and return the matter to the commission for further consideration and issuance of an order that complies with the requirements ofState ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
Claimant's objections overruled; relator's objections sustained in part and overruled in part; writ granted.
Bryant and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] GMRI, Inc., : Relator, : v. : No. 03AP-931 Industrial Commission of Ohio : (REGULAR CALENDAR) and Rose Safcik, : Respondents. :
 MAGISTRATE'S DECISION Rendered on February 6, 2004 Moscarino Treu, L.L.P., Michael J. Bertsch and Kathleen E.Gee, for relator.
Jim Petro, Attorney General, and Paul H. Tonks, for respondent Industrial Commission of Ohio.
Law Office of M. Scott Kidd, and M. Scott Kidd, for respondent Rose Safcik.
IN MANDAMUS
 {¶ 9} Relator, GMRI, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which awarded permanent total disability ("PTD") compensation to respondent Rose Safcik ("claimant") and ordering the commission to find that claimant is not entitled to said compensation.
Findings of Fact:
 {¶ 10} 1. Claimant sustained a work-related injury on June 20, 1998, and her claim has been allowed for: "contusion to left hip; aggravation of pre-existing osteoarthrosis and prepatellar bursitis of left knee; tear lateral meniscus left knee; left ankle tendonitis." At the time of her injury, claimant was working as a waitress. Two years prior to this work-related injury, claimant had sustained an injury to her right knee.
 {¶ 11} 2. In October 1998, claimant underwent arthroscopic surgery to repair the torn left lateral meniscus.
 {¶ 12} 3. Because of continued documented problems in both knees, claimant underwent total knee replacement of both knees in June 1999.
 {¶ 13} 4. Following the surgeries, claimant continued to have problems, specifically with her left knee. The office notes of her treating physician, John N. Riester, M.D. (pages 196 through 226 of the record), document those problems, showing that claimant's left knee was aggravated by physical therapy, that she required additional surgery in the form of a revision themoral component of the left knee, that while her range of motion was pretty good, her strength was not great and that she was not walking well. Dr. Riester's last office note of March 30, 2001 notes that claimant continues to have persistent pain in her left knee with some episodes of instability.
 {¶ 14} 5. Claimant filed an application for PTD compensation on October 31, 2001. Claimant attached the October 31, 2000 report of Dr. Riester, wherein he noted as follows:
* * * It is my opinion that as a direct and proximate result of her injury Mrs. Safcik is permanently and totally removed from any and all types of sustained remunerative employment.
 {¶ 15} 6. On her application for PTD compensation, claimant noted that she had applied for Social Security Disability Benefits.
 {¶ 16} 7. Shortly thereafter, relator sought a release with regard to claimant's social security records which claimant refused to provide. A prehearing was conducted on January 23, 2002 and, in a compliance letter issued January 29, 2002, the commission determined that there were no grounds upon which to order claimant to sign a release regarding her social security application and/or benefits. Specifically, the commission stated as follows:
On behalf of the employer, Attorney Bertsch argued that claimant can and should be compelled to execute a Social Security release to provide the employer with access to those medical reports and evaluations conducted for deter-mination of her award of Social Security Disability benefits. He argued that the language of ORC 4123.651(B), which includes "medical information, records, and reports relative to the issues necessary for the administration of the claim", should be construed to include the Social Security records in dispute. He further argues the language of OAC 4121-3-12 for the proposition that the Industrial Commission can and should suspend the processing of the current application during a period of refusal.
Attorney Stocker counter argued that the injured worker had provided the employer with a standard medical release and a list of medical providers who have cared for her for conditions allowed in this claim. Other medical conditions are not relevant to the analysis of her application for permanent and total disability as it is predicated on disability due to the allowed conditions in the claim. Other medical records, used in a different forum using different rules and law, muddy the issue and are both confusing and irrelevant.
It is the finding of the Hearing Administrator that the injured worker has provided the employer with a release and list of providers relative to the allowed conditions in this claim and the employer has filed voluminous records related to claimant's medical history. There is no authority to compel claimant to sign a Social Security release, which addresses a variety of conditions some of which are non-industrially related. As such, the Hearing Administrator declines to compel claimant to sign said release or to suspend the processing of this claim due to the injured worker's refusal to provide the release. To do so appears to be an expansion of claimant's responsibility and a potential invasion into her privacy as it relates to non-allowed conditions or information not needed to process her claim in this forum.
 {¶ 17} 8. Claimant was examined by Jeffrey J. Fierra, M.D., who issued a report dated September 30, 2001. Dr. Fierra specifically noted his physical findings and concluded as follows:
* * * On the basis of the history obtained from Ms. Safcik, the findings on the physical examination, and the information in and the impairment values of the Fourth Edition of the AMA Guides, the examiner is of the opinion that as a result of the injuries represented by Claim No. 98-489872 alone, Ms. Safcik is unable to engage in sustained remunerative activity or employment and is, therefore, permanently and totally disabled.
 {¶ 18} Within the body of his report, Dr. Fierra noted that claimant had completed the tenth grade and that she had no other training or skills.
 {¶ 19} 9. Claimant's application was heard before a staff hearing officer ("SHO") on October 28, 2002, and resulted in an order granting the requested compensation pursuant to the reports of Drs. Riester and Fierra. Because the SHO determined that claimant was entitled to PTD compensation based solely upon the allowed conditions, the SHO did not address the vocational factors.
 {¶ 20} 10. Relator filed a motion for reconsideration regarding both the commission's determination that claimant was not required to sign a release regarding her social security benefits and the commission's order granting claimant PTD compensation.
 {¶ 21} 11. Relator's request for reconsideration was denied by order of the commission mailed January 17, 2003.
 {¶ 22} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 24} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 25} Relator raises three issues in this mandamus action: (1) the commission violated a clear legal duty by refusing to compel claimant to authorize the release of information concerning her application for Social Security Disability Benefits; (2) the commission abused its discretion by granting claimant PTD compensation based upon the reports of Drs. Riester and Fierra; and (3) the commission's order violated Noll
because the commission failed to address claimant's nonmedical disability factors.
 {¶ 26} In its first argument, relator contends that the commission violated its clear legal duty by refusing to compel claimant to authorize the release for Social Security Disability Benefits records. Relator contends that the standards used by the Social Security Administration and by the commission are similar and that claimant's social security documents were relevant to the proceedings before the commission. Relator contends that the last paragraph on an application for PTD compensation compels a claimant to authorize the release of any and all records. That paragraph specifically provides:
By signing this application, I expressly waive all provisions of law which forbid any person, persons or medical facility who has medically attended, treated, or examined me, or who may have medical information of any kind which may be used to render a decision in my claim, from disclosing such knowledge or information to the Industrial Commission or employer(s) in my claim(s).
 {¶ 27} Relator contends that, pursuant to R.C. 4123.651 and Ohio Adm. Code 4121-3-12, the commission abused its discretion by failing to compel claimant to authorize the release of information from Social Security and by failing to suspend the processing of her PTD application until she did so. R.C. 4123.651
provides, in pertinent part, as follows:
(B) The bureau of workers' compensation shall prepare a form for the release of medical information, records, and reports relative to the issues necessary for the administration of a claim under this chapter. The claimant promptly shall provide a current signed release of the information, records, and reports when requested by the employer. The employer promptly shall provide copies of all medical information, records, and reports to the bureau and to the claimant or his representative upon request.
(C) If, without good cause, an employee refuses to submit to any examination scheduled under this section or refuses to release or execute a release for any medical information, record, or report that is required to be released under this section and involves an issue pertinent to the condition alleged in the claim, his right to have his claim for compensation or benefits considered, if his claim is pending before the administrator, commission, or a district or staff hearing officer, or to receive any payment for compensation or benefits previously granted, is suspended during the period of refusal.
 {¶ 28} Relator does not cite any case law in support of this argument as there is none. In fact, this magistrate is aware of several instances in which claimants have made the argument that they should be entitled to PTD compensation in regards to their workers' compensation claims because the Social Security Administration has determined that they are entitled to Social Security Disability Benefits. Neither this court nor the Ohio Supreme Court have ever accepted such an argument from a claimant. Conversely, whether or not the Social Security Administration has determined that a claimant is entitled to benefits, as well as the medical records relied upon, would not impact on whether or not a claimant was entitled to benefits in the workers' compensation system. If this court were to determine that claimants were or were not entitled to workers' compensation benefits based upon reports submitted to and decisions rendered by the Social Security Administration, then the commission would have no role in determining whether or not claimants were entitled to any benefits under the workers' compensation laws. There is no case law or statutory case law supporting relator's position, and social security determinations have no impact upon entitlement under the workers' compensation laws of Ohio.
 {¶ 29} Relator has not shown that the social security records were relative to the issues necessary for the administration of claimant's claim. Instead, relator sought those records solely to attack the credibility of claimant's physicians. Relator has not shown that the commission abused its discretion.
 {¶ 30} Relator also contends that the commission abused its discretion by granting claimant PTD compensation based solely upon the medical reports of Drs. Riester and Fierra.
 {¶ 31} In his September 30, 2001 report, Dr. Fierra does opine that claimant is permanently and totally disabled. However, Dr. Fierra also completed a physical capacities evaluation wherein he noted that claimant could sit for up to five hours in an eight hour workday, and stand for up to one hour. Furthermore, Dr. Fierra noted that claimant could lift and carry up to 20 pounds occasionally.
 {¶ 32} Sedentary work is defined in Ohio Adm. Code 4121-3-34(B)(2)(a) as follows:
"Sedentary work" means exerting up to ten pounds of force occasionally (occasionally: activity or condition exists up to one-third of the time) and/or a negligible amount of force frequently (frequently: activity or condition exists from one-third to two-thirds of the time) to lift, carry, push, pull, or otherwise move objects. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.
 {¶ 33} Dr. Fierra's restrictions do place claimant within the sedentary category and, although he opined in his closing paragraph that claimant was permanently and totally disabled, clearly he gave her restrictions which fell within the sedentary work category. As such, this magistrate finds that Dr. Fierra's report, coupled with his occupational activity assessment, renders his opinion inconclusive and contradictory and, as such, it does not constitute some evidence upon which the commission could rely.
 {¶ 34} Turning to the report of Dr. Riester, the magistrate notes that the October 31, 2000 report is simply a one paragraph report indicating that it is Dr. Riester's opinion that, as a direct and proximate result of her injury, claimant is permanently and totally removed from any and all types of sustained remunerative employment. The brevity of the report, in and of itself, does not necessarily render it insufficient for the commission to rely upon. Relator contends that Dr. Riester failed to provide any objective findings upon which he bases his opinion.
 {¶ 35} While this magistrate agrees that Dr. Riester's report, in isolation, does not provide the commission with a detailed analysis including objective findings; however, that does not render it inadequate. Instead, as always, questions of credibility and the weight to be given evidence are for the commission to determine and there is no evidence in the record that the commission gave Dr. Riester's report greater weight and credibility simply because he was her treating physician.
 {¶ 36} The record contains Dr. Riester's office notes detailing his treatment from January 15, 1997 through March 30, 2001. Dr. Riester's office notes document continuing problems with claimant's left knee. While relator is correct to note that there are occasions where Dr. Riester indicates that claimant's condition appeared to be improving (i.e., October 20, 2000 office note indicating that claimant has good range of motion and there is no obvious cause of pain), other office notes continue to document problems. For example, Dr. Riester's office note, dated December 5, 2000, indicates that claimant continues to have slow progress with her left knee, that her patella tracks well but it hurts. Likewise, in his March 30, 2001 office note, Dr. Riester noted that claimant had persistent pain in her left knee. Relator further points out that Dr. Riester's office notes include handwritten notations indicating approximate return-to-work dates written after Dr. Riester's October 31, 2000 report opining that claimant was permanently and totally precluded from any sustained remunerative employment. Relator's arguments go to the weight and credibility of Dr. Riester's report. As such, a review of Dr. Riester's report, in conjunction with his office notes, leads this magistrate to the conclusion that Dr. Riester's report did constitute some evidence upon which the commission could rely in granting claimant's application for PTD compensation. Because the commission granted benefits based solely upon the allowed conditions, the commission was not required to provide an analysis concerning claimant's nonmedical disability factors.
 {¶ 37} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in not ordering claimant to authorize the release of her Social Security Disability Benefits application and supporting documentation and in relying on the report of Dr. Riester in granting her PTD compensation. As such, relator is not entitled to a writ of mandamus and it is this magistrate's decision that this court deny relator's request.
 /s/Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE