[Cite as *State ex rel. Costco Wholesale Corp. v. Howard*, 2019-Ohio-1460.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Costco Wholesale Corporation, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-115 |
| | : | |
| Jennifer Howard et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on April 18, 2019

**On brief:** *Frost Brown Todd LLC, Noel C. Shepard,* and *Joseph R. Sutton,* for relator. **Argued:** *Anne E. Duprey.*

**On brief:** *Gallon, Takacs, Boissoneault & Schaffer Co., LPA,* and *Theodore A. Bowman,* for respondent Jennifer Howard. **Argued:** *Theodore A. Bowman.*

**On brief:** *Michael DeWine,* Attorney General, and *John Smart,* for respondent Industrial Commission of Ohio. **Argued:** *John Smart.*

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, Costco Wholesale Corporation ("Costco"), initiated this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to suspend the permanent total disability ("PTD") compensation application filed by Jennifer Howard ("claimant") because of her refusal to provide a signed medical release permitting disclosure of all medical records from

treatment or examination rendered by any physician pertaining to all conditions, as well as a complete list of her medical providers.

{¶ 2}  This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals.  The magistrate issued the appended decision, including findings of fact and conclusions of law.  The magistrate determined that Costco has not demonstrated that the commission abused its discretion in denying Costco's requests to require claimant to sign an unlimited medical release and to suspend claimant's PTD application because she did not sign such a release.  Thus, the magistrate recommends this court deny Costco's request for a writ of mandamus.

{¶ 3}  Costco has filed objections to the magistrate's decision.  Costco alleges the magistrate erroneously concluded that there is no Ohio case, statute, or rule that requires claimant to release the medical records requested, and the magistrate erroneously concluded that Costco failed to demonstrate that the commission abused its discretion in denying Costco's request for an unlimited medical release and suspension of the claim. According to Costco, Ohio law required claimant to sign a release for these records and the commission abused its discretion in not suspending her application for PTD compensation based on her refusal to sign such a release.  We disagree.

{¶ 4}  PTD is defined as the inability to perform sustained remunerative employment.  *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167, 170 (1987).  In determining PTD, the claimant's allowed medical conditions as well as the non-medical factors enumerated in *Stephenson* must be considered.  *State ex rel. Nissin Brake Ohio Inc. v. Indus. Comm.*, 127 Ohio St.3d 385, 2010-Ohio-6135, ¶ 12.  If the allowed medical conditions, standing alone, prevent all employment, consideration of the *Stephenson* factors is unnecessary.  *State ex rel. Galion Mfg. Div. v. Haygood*, 60 Ohio St.3d 38, 39-40 (1991).  Further, non-allowed conditions cannot be used to advance or defeat a claim for compensation.  *State ex rel. Waddle v. Indus. Comm.*, 67 Ohio St.3d 452 (1993).  The mere presence of a non-allowed condition in a claim for compensation does not in itself destroy the compensability of the claim, but the claimant must meet his burden of showing that an allowed condition independently caused the disability.  *State ex rel. Bradley v. Indus. Comm.*, 77 Ohio St.3d 239, 242 (1997).  Even if non-allowed conditions are severe, they are irrelevant as long as the allowed conditions are independently disabling.  *State ex rel. WCI*

*Steel, Inc. v. Indus. Comm.*, 96 Ohio St.3d 24, 2002-Ohio-3315, ¶ 13.  If the inability to work, however, is due to allowed and non-allowed conditions acting in tandem, compensation cannot be paid, because a claimant can never be compensated for a disability that is caused, in whole or part, by medical conditions that are unrelated to the industrial claim.  *State ex rel. Nissin Brake Ohio* at ¶ 13, citing *State ex rel. Waddle* at 455, *State ex rel. Fox v. Indus. Comm.*, 162 Ohio St. 569, 576 (1955).

{¶ 5}  Based on her filing of an application for PTD compensation, Ohio law imposed discovery requirements on claimant.  Pursuant to R.C. 4123.651(A), an employer has a right to have a claimant examined once by a physician of the employer's choice on any issue asserted by the employee.  Additionally, R.C. 4123.651(B) provides that the "bureau of workers' compensation shall prepare a form for the release of medical information, records, and reports relative to the issues necessary for the administration of a claim under this chapter."  The "claimant promptly shall provide a current signed release of the information, records, and reports when requested by the employer." R.C. 4123.651(B). "If, without good cause, an employee * * * refuses to release or execute a release for any medical information, record, or report that is required to be released under this section and involves an issue pertinent to the condition alleged in the claim," her right to have her pending claim for compensation or benefits considered, or to receive any payment for compensation or benefits previously granted, "is suspended during the period of refusal." R.C. 4123.651(C).

{¶ 6}  Here, Costco requested a global medical release from claimant and she refused to sign such a release.  Costco argues claimant's release of all medical records since the date of her injury is necessary for the administration of her claim for PTD compensation.  While Costco acknowledges that the commission maintains discretion in determining which medical records must be released to the employer, it argues this discretion was limited in this case because the administrative record shows claimant has a history of medical problems unrelated to her injury that could impact her ability to work. Costco contends that claimant's medical history must be fully disclosed because it is necessary to develop the issue of whether any non-allowed condition is working in tandem with any allowed condition to render her unable to perform sustained remunerative employment.

{¶ 7} The magistrate in this case resolved that this court's decision in *State ex rel. Sysco Food Servs. of Cleveland v. Indus. Comm.*, 10th Dist. No. 08AP-945, 2009-Ohio-4647, is helpful to the resolution of the issues raised by Costco's global request. Costco, however, argues that the magistrate placed undue reliance on *Sysco.* In *Sysco*, this court held that the commission did not abuse its discretion in refusing to suspend the claimant's claim due to his refusal to produce information pre-dating his injury by ten years because no statute or rule required the release of the information and because the relator failed to explain the relevance of the information. *Id.* at ¶ 9. In that case, the record indicated the claimant had been involved in an automobile accident a few months prior to the work-related injury. *Id.* at ¶ 43. The employer initially asked for a release regarding the claimant's treatment for the work-related injury, and it subsequently asked the commission to require the claimant to provide information dating back ten years. *Id.* at ¶ 36. In addition to finding the commission did not abuse its discretion in not suspending the claimant's claim for failure to provide medical information pre-dating the industrial injury by ten years, we noted that, "[m]edical information regarding any injuries claimant sustained from that automobile accident are likely relevant to this action and should be disclosed to relator." *Id.* at ¶ 43. Thus, this court opined that "[i]f relator would have asked claimant to provide medical information and the names of treating physicians who had treated claimant for his back, including the treatment he received following the automobile accident, the result would likely be different." *Id.* at ¶ 43.

{¶ 8} We agree with the magistrate that the *Sysco* decision is helpful in guiding the proper disposition of this case. As in *Sysco*, there is no Ohio case, statute, or rule that required claimant to sign the unrestrictive release Costco prepared. As Costco acknowledges in its briefing in support of its objections, the records required to be released in a particular case are fact dependent, not lending itself to blanket rules. Further, contrary to Costco's position that all medical records since the date of claimant's injury are necessary for the administration of her claim, the known existence of non-allowed conditions does not necessitate a claimant's global medical records release simply because those non-allowed conditions may also be debilitating. In denying Costco's request, the commission through its staff hearing officer ("SHO") limited the required release to the body parts in the claim. The SHO resolved that Costco's request for all medical records was overbroad

and unsupported by Ohio law.   This resolution of the issue was reasonable and not inconsistent with any case, statute, or rule governing discovery relating to a PTD compensation application.   Certainly, the commission may, based on a reasonably limited information request, exercise its discretion and decide that a release of records relating to particular non-allowed conditions is appropriate.  *See Sysco.*  In this case, however, we find the commission did not abuse its discretion in not requiring claimant to comply with Costco's unrestricted request.

{¶ 9}   For these reasons, we find that Costco's first and second objections to the magistrate's decision lack merit.

{¶ 10}  Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate correctly determined that Costco is not entitled to the requested writ of mandamus.   The magistrate properly applied the pertinent law to the salient facts. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.   We therefore overrule Costco's objections to the magistrate's decision and deny its request for a writ of mandamus.

*Objections overruled; writ of mandamus denied.*

KLATT, P.J., and DORRIAN, J., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| The State ex rel. Costco Wholesale Corporation, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-115 |
| | : | |
| Jennifer Howard et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on August 27, 2018

*Frost Brown Todd LLC, Noel C. Shepard,* and *Joseph R. Sutton,* for relator.

*Gallon, Takacs, Boissoneault & Schaffer Co., LPA,* and *Theodore A. Bowman,* for respondent Jennifer Howard.

*Michael DeWine,* Attorney General, and *John Smart,* for respondent Industrial Commission of Ohio.

### IN MANDAMUS

{¶ 11} Relator, Costco Wholesale Corporation, has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to suspend the application for permanent total disability ("PTD") compensation filed by Jennifer Howard ("claimant") because of her refusal to provide a signed medical release permitting disclosure of all medical

information pertaining to non-allowed conditions and non-allowed preexisting conditions, as well as a complete list of medical providers.

Findings of Fact:

{¶ 12} 1.  Claimant sustained a work-related injury on August 11, 2009 when she was involved in a motor vehicle accident while working as a marketing representative for relator.

{¶ 13} 2.   Claimant's workers' compensation claim has been allowed for the following conditions:

> Lumbar sprain; left knee sprain; loose body in the left knee; dislocation of the patella in the left knee; left knee arthrofibrosis; left patellar tendonitis; left knee medial meniscus tear status post arthroscopy repair; reflex sympathetic dystrophy left lower extremity; major depression, single episode, severe, without psychosis; anxiety disorder; reflex sympathetic dystrophy of the right lower extremity.

{¶ 14} 3.  On October 2, 2017, claimant filed an application for PTD compensation.

{¶ 15} 4.  Relator requested that claimant provide a release permitting it to obtain complete medical records without limiting those records requested to the allowed conditions in claimant's claim.   In its October 27, 2017 letter from relator's counsel requesting a prehearing conference to address claimant's failure to execute an unrestricted medical release, relator argued:

> Claimant's failure to provide a full medical release limits any medical provider with the critical information needed to evaluate whether the allowed conditions in the claim are the underlying cause of Claimant's request for PTD. The limited medical release hinders the Employer's ability to collect records that could potentially identify disabling conditions unrelated to the Claimant's workers' compensation claim.

{¶ 16} 5.  The prehearing conference was held on November 14, 2017.  The Toledo hearing administrator granted relator's request, in part, and issued a compliance letter to claimant directing she provide some, but not all, of the additional information requested. Specifically, that compliance letter provides:

> [T]he Employer's request for new medical releases is granted to the extent the Injured Worker is to sign a new C-101

Medical Release and a ProMedica Release. The ProMedica Release is to aid in securing the documents of Ryan Szepiela, M.D.

Additionally, the Injured Worker is to complete a new list of physicians <u>including</u> the name of his [sic] primary care physician and address.

The C-101 is to specify "for treatment of: Lumbar Spine; Left and Right knees; Reflex Sympathetic Dystrophy; and Depression and Anxiety from 1999 to present."

The Injured Worker is to complete the above documents by 11/24/2017 and deliver them to the Employer's Attorney and copy the Industrial Commission of Ohio.

It is further the finding of the Hearing Administrator that the parties must adhere to the provisions of this compliance letter.

(Emphasis sic.)

{¶ 17} 6. On November 30, 2017, relator asked the commission to suspend the processing of relator's PTD application under R.C. 4123.651 because claimant had not provided the unlimited medical record and provider list relator had requested. Specifically, that letter provides:

Under Ohio law, the Employer has the right to submit medical evidence relating to the issue of permanent total disability compensation to the Commission for consideration. See O.A.C. §4121-3-34(C)(4)(b). That medical evidence includes copies of medical records, information, and reports. See O.A.C. §4121-3-34(C)(4)(a). When an injured worker applies for permanent total disability compensation, any and all medical conditions for which the claimant has treated become relevant to the processing of the application for permanent total disability. Under Ohio law, the Industrial Commission must consider whether or not non-allowed conditions or non-allowed pre-existing conditions are the proximate cause of the injured worker's inability to work. The Commission's responsibility to find out whether or not non-allowed conditions or non-allowed pre-existing conditions are the cause of permanent total disability is clearly set forth in O.A.C. §4121-3-34(D)(1)(h) and (i). Thus, the Commission is unable to carry out its statutory responsibilities of adjudicating PTD

applications if it is not able to be made aware of non-allowed conditions and/or non-allowed pre-existing conditions that the claimant suffers from. The employer should be entitled to a medical release and a list of providers who have treated the claimant since the date of injury for both allowed and non-allowed conditions in order to submit the medical records from all of those providers to the Commission for consideration of the claimant's application.

In the case at bar, it is known that the Injured Worker was awarded Social Secuirty Disability compensation in 2012 before significant physical and psychological conditions were ever allowed in her claim. Therefore, she has previously alleged that she has been unable to work based on conditions that did not include her reflex sympathetic dystrophy and her psychological condition that is currently allowed in her claim. Furthermore, she may have other health conditions that are currently preventing sustained remunerative employment. The Employer must be permitted to investigate the Injured Worker's non-allowed conditions and non-allowed pre-existing conditions in order to defend the application. Of course, Employer will exercise its responsibility with respect to filing all records that it obtains with the Industrial Commission for consideration.

In the case at bar, the Injured Worker has only provided a signed medical release authorizing the release of medical information pertaining to her allowed body parts. Furthermore, the medical provider list that she has submitted only refers to providers that have treated her under the claim. This release does not permit the Employer to obtain medical records regarding non-allowed conditions and non-allowed pre-existing conditions that may (or may not) be the proximate cause of the Injured Worker's inability to work.

R.C. §4123.651(B) provides that a claimant promptly shall provide a current signed release of the information, records, and reports when requested by the employer. The medical information, records, and reports that are referred to are those "relative to the issues necessary for the administration of a claim." The limited release and provider list submitted by the Claimant in this case does not permit Employer to obtain the medical information, records, and reports regarding non-allowed conditions and non-allowed pre-existing conditions that the Industrial Commission needs to consider when adjudicating the PTD application.

R.C. §4123.651(C) provides that[:]

If, without good cause, an employee refuses to submit to any examination scheduled under this chapter or refuses to release or execute as release for <u>any</u> medical information, record, or report that is required to be released under this section and involves an issue pertinent to the condition alleged in the claim, <u>his right to have his claim for compensation or benefits considered</u>, if his claim is pending before the Administrator, Commission, or a District or Staff Hearing Officer, or to receive any payment for compensation or benefits previously granted, <u>is suspended during the period of refusal</u>. (Emphasis added.) In the case at bar, since the Injured Worker has refused to provide a global release of any and all medical information pertaining to her treatment history and her medical conditions, including non-allowed conditions and non-allowed pre-existing conditions, and has failed to provide a list of providers who has treated those conditions, the Employer respectfully requests a suspension of this claim pursuant to R.C. §4123.651(C).

(Emphasis sic.)

{¶ 18} 7. In a compliance letter mailed December 5, 2017, the Toledo hearing administrator denied relator's request to suspend claimant's claim, stating:

The suspension request is denied for the reason that the Injured Worker has completed the list of providers and signed the requested medical releases.

Following review of the claim file and relevant evidence, it is the finding of the Hearing Administrator that the Employer has not demonstrated good cause for the relief requested. IT IS, THEREFORE, THE FINDING OF THE HEARING ADMINISTRATOR THAT THE CLAIM IS NOT SUSPENDED.

If a timely objection is not filed to this compliance letter, any payments of compensation and/or benefits terminated by the Administrator or by the Self–Insuring Employer on behalf of the Employer's motion shall be made within fourteen (14) days of receipt of this compliance letter.

An objection to the above finding may be filed with the Industrial Commission within fourteen (14) days of the

> receipt of this compliance letter. If a timely objection is filed, the Employer's motion will be scheduled for an expedited hearing before a Staff Hearing Officer within three (3) business days of the Industrial Commission's receipt of the objection. You may mail your objection to * * *.

(Emphasis sic.)

{¶ 19} 8.  Relator objected to the compliance letter and asked that a hearing be scheduled before a staff hearing officer ("SHO").

{¶ 20} 9.  A hearing was held before an SHO on December 21, 2017.  At which time, relator's request for an unlimited medical release was denied, and relator's request for suspension of claimant's claim was likewise denied.  The SHO order provides:

> The Hearing Officer finds no case law or statute which requires a global release for medical records is required by an Injured Worker nor is there an exception for an Injured Worker applying for permanent total disability compensation. An Injured Worker is required to support any requests in the claim, including a request for permanent total disability, with medical evidence relating to the allowed conditions alone. Additionally, physicians who evaluate an Injured Worker for permanent total disability, are required to opine on whether the allowed conditions alone are independently causing permanent total disability. Therefore the Hearing Officer finds the limitation of release of medical records to only the allowed body parts in the claim is upheld. The request for any and all medical records is found to be over-broad and unsupported by Ohio law. Therefore the Employer's request for suspension is denied. The Injured Worker is found to have completed the list of providers and signed the requested medical releases pertaining to the currently allowed conditions in the claim.

{¶ 21} All the evidence was reviewed and considered.

{¶ 22} 10.   Relator's request for reconsideration was denied by order of the commission mailed January 26, 2018.

{¶ 23} 11.  Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 24} Finding that relator has failed to demonstrate that the commission abused its discretion when it denied relator's request for an unlimited medical release and

suspension of claimant's claim, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus, as more fully explained below.

{¶ 25} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 27} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. *State ex rel. Domjancic v. Indus. Comm.*, 69 Ohio St.3d 693 (1994). Generally, in making this determination, the commission must consider not only medical impairments but also the claimant's age, education, work record and other relevant non-medical factors. *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167 (1987). Thus, a claimant's medical capacity to work is not dispositive if the claimant's non-medical factors foreclose employability. *State ex rel. Gay v. Mihm*, 68 Ohio St.3d 315 (1994). The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991).

{¶ 28} It is undisputed that claimant bears the burden of proving that the allowed conditions in her workers' compensation claim render her unable to return to sustained

remunerative employment. Non-allowed conditions can neither advance nor defeat her claim. *See State ex rel. Waddle v. Indus. Comm.*, 67 Ohio St.3d 452 (1993). Because the social security administration found claimant disabled in 2012, before her claim was allowed for significant physical and psychological conditions, relator argues that claimant was already disabled due to non-allowed conditions before she filed her application for PTD compensation. Without a full release of claimant's medical records, relator argues it will not be able to prove that.

{¶ 29} As an initial matter, the magistrate specifically notes that very often claimants who apply for PTD compensation have other medical conditions, sometimes rather severe ones, in addition to the allowed conditions in their workers' compensation claims. It is always the duty of the examining physicians to opine whether or not the individual claimants are disabled as a result of the allowed conditions in their claim without regard to the potentially disabling effects of any non-allowed conditions. It is then the responsibility of the commission to review the medical evidence, determine whether or not the physician's opinions are confined solely to the allowed conditions in the particular claims, and then determine whether or not those claimants are permanently and totally disabled based solely on the allowed conditions in the claim.

{¶ 30} R.C. 4135.651(B) requires the Ohio Bureau of Workers' Compensation ("BWC") prepare a form for the release of medical information to be signed by claimants:

> The bureau of workers' compensation shall prepare a form for the release of medical information, records, and reports relative to the issues necessary for the administration of a claim under this chapter. The claimant promptly shall provide a current signed release of the information, records, and reports when requested by the employer. The employer promptly shall provide copies of all medical information, records, and reports to the bureau and to the claimant or his representative upon request.

{¶ 31} R.C. 4135.651(C) provides for the suspension of claims as follows:

> If, without good cause, an employee * * * refuses to release or execute a release for any medical information, record, or report that is required to be released under this section and involves an issue pertinent to the condition alleged in the claim, his right to have his claim for compensation or benefits considered, if his claim is pending before the administrator,

commission, or a district or staff hearing officer, or to receive any payment for compensation or benefits previously granted, is suspended during the period of refusal.

{¶ 32} Relator does not dispute that the hearing officer granted its request in part by requiring claimant to provide medical evidence beyond that which she had previously provided. Relator also does not dispute that claimant timely provided that medical information. Instead, relator argues that claimant's refusal to provide relator with all the medical information relator requested was without good cause.

{¶ 33} The medical release which relator wanted claimant to sign specifically provides, in relevant part, as follows:

> Pursuant to Ohio R.C. 2317.02(B) and in compliance with 45 CFR 164.508, and in connection with my workers' compensation claim, I, <u>Jennifer Howard</u>, hereby give my consent to and authorize _____ to release any and all reports and records maintained by any.
>
> Hospital, Physician, Chiropractor, Physical/occupational therapist, Psychologist and/or psychiatrist, Mental health counselor, Imaging center, Any other treatment source, Pharmacy Ohio Bureau of Workers' Compensation, Social Security Administration, Ohio Department of Job and Family Services, Insurance company, Any agency of any state, county or municipality (including but not limited to STRS or PERS) or employee thereof short or long term disability plan, Veteran's Administration, Past or present employer.
>
> Regarding medical treatment, examinations or hospitalization or related information to my (former)/employer, or its legal representative, Frost Brown Todd LLC, * * *. This authorization includes release of information concerning HIV status and treatment, treatment of drug or alcohol abuse, drug-related conditions, alcoholism, and/or psychiatric/psychological conditions.

(Emphasis sic.)

{¶ 34} The magistrate finds this court's decision in *State ex rel. Sysco Food Servs. of Cleveland, Inc. v. Indus. Comm.,* 10th Dist. No. 08AP-945, 2009-Ohio-4647 helpful. Edward Rutkowski sustained a work-related injury on February 5, 2008. His employer, Sysco Food Services of Cleveland, Inc. ("Sysco"), through its third-party administrator

("TPA"), sent two letters to Rutkowski asking him to complete forms authorizing the release of health information to Sysco. Apparently, Sysco was not satisfied with the release forms and filed a motion asking to suspend the claim. Sysco had argued that the medical releases were too restrictive. (Some information regarding how Sysco wanted Rutkowski to complete the forms was absent from the record.) An SHO agreed with Sysco, granted the motion to suspend the claim, and further ordered Rutkowski to provide Sysco "with an unrestricted medical release and give the employer a list of all medical providers that have treated his back for the last ten years." *Id.* at ¶ 27.

{¶ 35} Rutkowski requested the commission reconsider the SHO's decision based on a clear mistake of law. The commission exercised its continuing jurisdiction, vacated the prior order suspending the claim, and found that Sysco's request for medical records going back ten years was unreasonable. That order provided in pertinent part:

> Specifically, the medical release authorization in question included a request for medical documents over the past ten (10) years, which is not in compliance with case law, *State ex rel. Lancaster Colony Corp. v. Indus. Comm.*, 10th Dist. No. 07AP-268, 2008 Ohio 392. * * *
>
> * * *
>
> It is the finding of the Commission that there is no authority under the Ohio Revised Code, the Ohio Administrative Code or case law that allows for a claim to be suspended for failure to execute a medical release that includes a list of all medical providers over a ten-year period prior to the date of the industrial injury.
>
> Historically, the Injured Worker signed two medical release forms, dated 02/07/2008 and 03/10/2008, prior to the 04/04/2008 medical release form request at issue today. The two earlier release forms were signed by the Injured Worker and provided to the Employer. However, the Employer was not satisfied with the content of these release forms and requested submission of a third, more expansive medical release. This request was refused by the Injured Worker and his legal counsel. The Staff Hearing Officer then suspended the claim for the Injured Worker's refusal to comply with the employer's medical release request of 04/04/2008.

First, the Commission finds that the Injured Worker has complied with the Employer's written medical release requests. The Employer sent two letters to the Injured Worker, dated 02/28/2008 and 04/04/2008, respectively. Both letters requested that the Injured Worker execute a medical release and provide a list of doctors and their addresses. In both letters, the Employer specifically requested information from the Injured Worker related to "...this injury." The Employer did not request a medical release or medical information pertaining to the ten years prior to the date of injury in this claim. Therefore, the Commission finds that the Injured Worker's signed releases, dated 02/07/2008 and 03/10/2008, satisfy the Employer's written requests.

Next, a review of R.C. 4123.651(B) and Ohio Adm.Code 4121-3-09(A)(6) indicates that there are no definite guidelines for what is required in the contents of the medical release. However, under Ohio Adm.Code 4121-3-09(A)(3), "Medical releases are to be executed on forms provided by the bureau of workers' compensation, the commission, or **on substantially similar forms**." (emphasis added) The Commission finds that the requirement to provide "a list of medical providers over a ten-year period prior to the Injury" in the medical release form was not within the contemplation of the statute or rule. Specifically, the Commission finds that the Employer's medical release request is not substantially similar to the Bureau of Workers' Compensation's C-101, Authorization to Release Medical Information, form.

Last, the Commission finds that a medical release request for a ten year period of time, prior to the date of injury, is not reasonable pursuant to the case of [*State ex rel. Lancaster Colony Corp. v. Indus. Comm.*, 10th Dist. No. 07AP-268, 2008 Ohio 392]. Therefore, the Commission finds no legal authority exists to compel the Injured Worker to complete such an expansive medical release form as requested by the Employer.

(Emphasis sic.)  *Id.* at ¶ 29.

{¶ 36} Sysco filed a mandamus action.  In adopting the decision of its magistrate, this court determined the commission did not abuse its discretion.  Specifically, through its magistrate, this court stated:

In the present case, relator contends that the commission abused its discretion when it determined that the order suspending claimant's claim did not comply with *State ex rel. Lancaster Colony Corp. d/b/a Pretty Prod. Inc. v. Indus. Comm.*, 10th Dist. No. 07AP-268, 2008 Ohio 392. The magistrate disagrees with relator's assertions.

In *Lancaster Colony*, the claimant's date of injury was March 14, 1998. In November 2006, the claimant filed an application for permanent total disability compensation. The claimant had completed a medical release form; however, the claimant refused to release social security information as well as records covering the prior ten years in which the claimant had received any treatment for each of the alleged symptoms and injuries upon which her claim was based. This court found that there was no statute or rule that required the release of information requested by the employer. Specifically, this court adopted the decision of its magistrate as follows:

* * * [The employer] cites no statute or rule requiring the claimant to disclose all of her treating physicians in the manner that relator has requested such information in this case. While R.C. 4123.651 and the rules supplementing the statute demand that the claimant provide a current signed medical release, they do not require the claimant herself to respond to relator's verbal or written requests to identify all of her treating physicians. * * * In the absence of a statute or administrative rule supplementing a statute that grants to relator a clear legal right to compel from the claimant the information that relator seeks, relator cannot obtain relief in mandamus to compel the commission to suspend the claim under R.C. 4123.651.

Moreover, contrary to relator's assertion, claimant's failure to provide the information that relator seeks regarding her treating physicians does not somehow create for relator a clear legal right to compel claimant to execute an SSA release form as an alternative to claimant's failure to respond to relator's requests for information. In fact, this court has held that there is no legal authority to compel a claimant to execute a release for social security records. [*State ex rel.*] *GMRI, Inc. v. Indus. Comm.*, Franklin App. No. 03AP-931, 2004 Ohio 3842.

*Id.* at ¶ 32-33.

> In *Lancaster Colony*, the claimant's work-related injury occurred in 1998 and the claimant sought permanent total disability compensation eight years later in 2006. The employer sought the claimant's medical records for the ten years preceding the filing of her application, which included two years prior to the date of her injury. In the present case, relator alleges that claimant was involved in an automobile accident approximately three months prior to the date claimant asserted he sustained injuries at work. In making its argument, relator indicated that claimant's automobile accident may very well be causing some of the current problems which claimant alleged occurred from a work-related injury. However, it is unclear to the magistrate how records going back ten years prior to both the work-related injury and claimant's automobile accident are clearly relevant to claimant's workers' compensation claim.

*Id.* at ¶ 34-36.

{¶ 37} As the SHO stated, there is no case law or statute which requires a global release for medical records. Although relator argues that, without evidence of the severity of claimant's non-allowed conditions, the commission will never be able to determine whether or not she is permanently and totally disabled based solely on the allowed conditions in her claim, that is exactly what the commission does on a daily basis. As noted earlier, rarely does a claimant applying for PTD compensation not have other medical conditions which may or may not be disabling. That is not the issue. No matter what other conditions a claimant has, it is always the burden for the claimant to prove that the allowed conditions independently render her unable to perform sustained remunerative employment. To the extent that relator asserts that claimant has not demonstrated good cause for not providing relator with all of her medical records pertaining to any medical condition for which she has suffered, the magistrate finds that not only is that information unnecessary, the request is extremely invasive. Relator is in the same position as every other employer. Relator can have claimant examined by physicians of its choice and those physicians will then render reports wherein they will opine whether or not, in their medical opinion, claimant is incapable of performing some sustained remunerative employment solely on the basis of the allowed conditions in the claim.

{¶ 38} Furthermore, finding relator is not entitled to the global medical release which it seeks, the commission did not abuse its discretion when it denied relator's request to suspend claimant's claim.

{¶ 39} Based on the foregoing, it is this magistrate's decision relator has not demonstrated that the commission abused its discretion when it denied relator's request for an unlimited medical release and its request to suspend claimant's claim, and this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).